the defendant has appealed his conviction of the crimes of breach of peace and criminal mischief in the third degree.[1] The relevant facts are as follows: At approximately 12:15 a.m. on the morning of January 23, 1982, April Lewis dropped off a friend on Sherman Avenue in New Haven. After doing so, she made a U-turn with her motor vehicle. In so doing, she cut in front of a pickup truck driven by the defendant. She proceeded northerly on Sherman Avenue and noticed that the truck was following closely behind her vehicle. She immediately pulled to the right side of the road and allowed the defendant to pass. She then continued on her way. At the next stop light, the defendant got out of the pickup truck and ran back toward Lewis' car. She observed that the defendant was yelling as he approached her.
Before the defendant reached her vehicle, Lewis managed to lock all the doors. The defendant grabbed her door handle and tried to open it. When it would not open, he began to shake her car and proceeded to kick the door. Lewis testified that she was frightened and that, upon subsequent inspection of the car, she discovered several dents and scratches that were not there previous to the onslaught by the defendant. *Page 506 
At trial, the defendant admitted to yelling at Lewis and kicking the car. The court found the defendant guilty of breach of peace and of criminal mischief in the third degree and sentenced him to the custody of the commissioner of correction for thirty days, execution suspended, and to six months conditional discharge, the condition being that he make restitution to Lewis of $150. This appeal followed.
The defendant has briefed six claims of error. He argues first that the court erred in admitting hearsay evidence by Lewis as to the amount of an estimate of the damage to her car caused by the defendant. Lewis was permitted to testify over the objection of defense counsel that the amount of the estimate was $216.60. The court admitted the testimony "as to the weight that the trier of facts should hear."
We agree that the evidence was hearsay. It was an out of court statement offered to prove the truth of the matter asserted. Holden Daly, Connecticut Evidence 93a. Moreover, it does not fit within any of the recognized exceptions to the rule against hearsay. Accordingly, it should not have been admitted. We conclude, however, that its admission was harmless error.
"In order to constitute reversible error, the ruling must have been both erroneous and harmful. Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174,33 L.Ed.2d 1 [1972]; State v. Tropiano, 158 Conn. 412,427, 262. A.2d 147 [1969], cert. denied,398 U.S. 949, 90 S.Ct. 1866, 26 L.Ed.2d 288 [1970]; State v. Fredericks, 154 Conn. 68, 72,221 A.2d 585 [1966]." State v. Runkles, 174 Conn. 405, 413,389 A.2d 730 (1978). The ultimate question is whether the erroneous ruling would be likely to affect the court's judgment. Saphir v. Neustadt,177 Conn. 191, 201, 413 A.2d 843 (1979); Anonymous v. Norton, 168 Conn. 421, 430, 362 A.2d 532, cert. denied, 423 U.S. 935, 96 S.Ct. 294, 46 L.Ed.2d 268 (1975). *Page 507 
Here, the improperly admitted testimony had nothing to do with the actual guilt or innocence of the defendant, but concerned the amount of damage sustained by the victim. Cf. State v. Runkles, supra, 413-14. Nor was it of such magnitude as to taint the entire proceedings against the defendant. Cf. State v. Onofrio,179 Conn. 23, 32, 425 A.2d 560 (1979). Thus, it was harmless.
The defendant next argues that the court erred in refusing to permit cross-examination of the victim concerning her bias and motive for testifying.[2] The gravamen of this claim is that Lewis was motivated to testify by the prosecutor's "offer" of restitution if a conviction of the defendant was obtained and, therefore, the court abused its discretion in restricting cross-examination in this area. We find this claim to be totally without merit.
It is true that "[c]ross-examination to elicit facts which tend to show motive, interest, bias or prejudice is a matter of right, and although the extent of such cross-examination may often rest in the sound discretion of the court, a denial of the right, or its undue restriction, will constitute reversible error." State v. Corley, 177 Conn. 243,246, 413 A.2d 826 (1979), quoting State v. Luzzi,147 Conn. 40, 46, 156 A.2d 505 (1959). In order to establish an abuse of discretion, however, the defendant must show that the restriction imposed upon his cross-examination was clearly prejudicial. State v. Gaynor, 182 Conn. 501, 510,438 A.2d 749 (1980). This he has failed to do.
The court's ruling merely precluded the defendant from establishing what the court could infer, i.e., that the victim of a crime which results in economic loss may be motivated to testify not only to see that justice is *Page 508 
done but also to receive compensation from the criminal, whether it be by an order of restitution or a subsequent civil suit. Hence, we find no abuse of discretion in the court's ruling.
The next claim raised by the defendant is that there was insufficient evidence to sustain the conviction of criminal mischief in the third degree.[3] The gravamen of this claim is that the state was required to prove damage to the victim's car and that the only way it could do so was to prove a diminution in value as a result of the defendant's acts. We reject this argument for the following reasons: First, there is simply no support for the defendant's claim that diminution in value is the only way that "damage" may be proved as a matter of law. The victim testified that the defendant kicked her door and in so doing scratched and dented the car. We are satisfied that scratches and dents to a car constitute damage within the meaning of the statute. Second, even if we were to adopt the defendant's definition of damage, the statute provides that one who tampers with the property of another and places it in danger of damage is also guilty of criminal mischief. General Statutes 53a-117 (a) (1)(B). Lewis testified that in addition to kicking her car, the defendant also grabbed her door handle and shook the car violently. The defendant never sought a bill of particulars; thus the trial court could have predicated its judgment on a violation of this subsection of the statute and its finding would be fully supported by the evidence. *Page 509 
The defendant also claims that the court should have granted the defendant's motion for judgment of acquittal as to the breach of peace charge because there was no proof that the victim heard any words spoken by the defendant. See State v. Nelson, 38 Conn. Sup. 349, 448 A.2d 214 (1982). The short answer to this claim is that conduct other than words can give rise to a breach of peace. General Statutes 53a-181 (a).[4] Here, there was ample evidence of such other conduct; therefore, the court properly denied the motion for judgment of acquittal.
Finally, the defendant contends that the court erred in awarding restitution of $150 when there was no evidence as to the amount of damage to Lewis' car. We disagree. Restitution to the victim is an authorized condition of a sentence of conditional discharge. General Statutes 53a-30 (a) (4). The condition imposed must stand unless it is unreasonable. State v. Anonymous (1979-4),35 Conn. Sup. 675, 678, 406 A.2d 869 (1979); State v. Ghiloni, 35 Conn. Sup. 570, 577, 398 A.2d 1204 (1978).
The defendant has not demonstrated that restitution of $150 under the circumstances of this case was unreasonable.
 There is no error.
DALY, BIELUCH and COVELLO, Js., participated in this decision.