## STATE OF CONNECTICUT *v.* EDDI Z. ZYKO
## (2100)

TESTO, DUPONT and BORDEN, Js.

Argued January 17—decision released April 10, 1984

*Eddi Z. Zyko,* pro se, the appellant (defendant).

*Morris H. Globerman,* deputy assistant state's attorney, for the appellee (state).

TESTO, J. After a trial by the court the defendant was found guilty of crossing a median divider on Route 52 in violation of General Statutes § 14-237[1] and fined $55. On appeal[2] the defendant claims that the trial court

---

[1] General Statutes § 14-237 states: "When any highway has been divided into two roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section, each vehicle shall be driven only upon the right-hand roadway and no vehicle shall be driven over or across any such dividing space, barrier or section, except through an opening or at a crossover or intersection established by public authority. *Violation of any provision of this section shall be an infraction.*" (Emphasis added.)

[2] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

erred (1) in denying parts of his motion for discovery; (2) in denying his motion to dismiss; and (3) in ruling that certain evidence was not hearsay.

None of the items requested in the motion for discovery and denied by the court[3] is discoverable as of right. See Practice Book § 741. Section 745 of the Practice Book permits additional disclosure in the court's discretion, but only upon a showing of good cause. The defendant did not make this showing. We conclude that the trial court did not abuse its discretion.

The second issue raised by the defendant concerns the denial of his motion to dismiss for lack of personal jurisdiction. See Practice Book § 815 (4). The defendant argues that his "arrest" was invalid because the state trooper was not in uniform and displayed no badge identifying himself as a trooper. Even if this were so, it would not bar prosecution of the defendant or be a defense to a valid conviction. *State* v. *Gallagher,* 191 Conn. 433, 438, 465 A.2d 323 (1983). Furthermore, General Statutes § 14-237 defines the crossing of a median divider on a highway as an infraction.[4] Section 51-164n (a) in relevant part states: "A summons for the commission of an infraction shall not be deemed to be an arrest . . . ." In addition, General Statutes § 14-1 (31) requires an officer to be in uniform or display a badge when the officer is making an arrest. In the present case, the state trooper's siren and flashing headlights were on when he stopped the defendant. Even though the officer was not in uniform, he displayed to the defendant his state police identification card. We conclude that the defendant was not arrested but was merely given an infraction complaint for crossing the median divider.

The defendant next challenges the court's ruling that testimony by the officer as to his occupation is not

[3] The court did order certain interrogatories answered.

[4] See footnote 1, supra.

hearsay. That testimony was not an out of court statement offered to prove the truth of the matter asserted therein. See *State* v. *Gunther,* 39 Conn. Sup. 504, 506, 466 A.2d 804 (1983); Holden & Daly, Connecticut Evidence § 93a. The trial court was correct in overruling the defendant's objection.

There is no error.

In this opinion the other judges concurred.