## CATHERINE BUCHETTO *v.* BENJAMIN J. HAGGQUIST
## (6001)

SPALLONE, NORCOTT and FOTI, Js.

Argued November 15, 1988—decision released February 28, 1989

*Stefan Underhill,* with whom, on the brief, was *James F. Stapleton,* for the appellant-appellee (plaintiff).

*Warren P. Joblin,* for the appellee-appellant (defendant).

FOTI, J. The plaintiff appeals from the judgment rendered by the trial court, in accordance with the attorney trial referee's report, granting her alimony and child support arrearages. The plaintiff claims the trial court erred (1) in denying her reimbursement for college expenses for her two children, (2) in denying her support arrears for her daughter, and (3) in denying her prejudgment interest. The defendant filed a cross appeal and claims the trial court erred (1) in affording res judicata effect to a prior finding of the court, (2) in incorrectly determining the existence of alimony arrearage, and (3) in incorrectly determining the amount of alimony and support due. We find error on the appeal and no error on the cross appeal.

The pertinent facts are as follows.[1] On May 23, 1975, the parties obtained a dissolution of their marriage in New York. The divorce decree, which incorporated the parties' separation agreement, required the defendant to make the following payments: (1) $200 per month alimony; (2) $115 per month child support for each of the parties' two children until each attained the age of twenty-one; and (3) college expenses for the children "if he is financially able" to contribute. The defendant remained current on his obligations through April 1, 1979. On October 6, 1980, the plaintiff registered the New York judgment in the Superior Court for the judicial district of Fairfield, and initiated a contempt proceeding against the defendant for nonpay-

---

[1] The attorney trial referee was correct when he stated: "This case presents a confusing and conflicting record involving two prior hearings on a registered foreign decree in which it does not appear that information given to the court was complete and accurate."

ment of his support and alimony obligations. On June 25, 1981, the court, *Geen, J.,* rendered judgment for the plaintiff finding the total arrearages as of that date to be $12,248[2] for both alimony and support. As to the defendant's future payments, the court ruled, pursuant to the parties' negotiated agreement, that the defendant would make a single payment of $150 per month until the youngest child reached the age of twenty-one. According to the agreement, the $12,248 in arrearages would be forgiven on the condition that the defendant not default on any future payments. On November 6, 1981, the defendant moved to modify his alimony obligation. On November 20, 1981, at a hearing on the defendant's motion, the defendant asked the court, *Zarrilli, J.,* to suspend his alimony payments due to his unemployment. The trial court granted the motion and suspended the original alimony payment of $200 per month during the defendant's unemployment, but continued, at the defendant's suggestion, the support payment of $115 per month for the parties' son. No reference was made by the parties or the court to the daughter's support payments or to the fact that the alimony and support payments had been modified to $150 a month. The plaintiff has made payments totalling $6505.47 toward the children's college education. The defendant has not reimbursed her for any part of these payments.

On March 11, 1985, the plaintiff brought the present action to collect the arrears from April 1, 1979, to April 1, 1983, amounting to $16,273 plus accrued interest and seeking reimbursement for the children's college expenses. The matter was tried before an attorney trial referee who filed a finding of facts and a proposed decision on March 2, 1987. Both parties filed objections

[2] Although the arrearages are represented in the attorney trial referee's report as totalling $12,248, the amounts claimed were $6648 for support and $5800 for alimony, which actually total $12,448.

to the acceptance of the finding of facts but neither filed a motion to correct those findings. The trial court accepted the finding of facts and, on March 27, 1987, rendered judgment in accordance with the report.

## I

### THE PLAINTIFF'S APPEAL

The plaintiff's first claim is that the court erred in failing to award her reimbursement for monies she expended for her children's college expenses, totalling $6505.47. We are unable to review this claim because the plaintiff has not presented us with an adequate record.

The following background is relevant to our decision not to review this claim. According to the attorney trial referee's report, the divorce decree included a provision that required the defendant to "provide adequate funds for the higher education of the children *if he is financially able to do so.*" (Emphasis added.) In discussing this provision, the trial referee stated that this language *"appears to be* more expression of intent rather than an affirmative legal obligation." (Emphasis added.) With respect to this provision, therefore, the trial referee did not make a finding as to whether it created an obligation that the defendant contribute to his children's college expenses. The referee concluded that, regardless of whether this provision created an affirmative legal obligation, the plaintiff had not sustained her burden of proving that the defendant had the ability to make such payments and, therefore, was not entitled to reimbursement. The plaintiff's claim on appeal is that the referee erred in placing the burden of proof on her. In her brief, she asserts, without presenting any supportive authority, that the defendant was obligated under the terms of the separation agreement to pay the costs of their children's college

expenses. She then goes on to brief her principal issue on appeal arguing that the defendant has the burden to prove his inability to pay.

The determination of who has the burden of proof on the issue of reimbursement for college expenses necessarily requires a finding as to whether the separation agreement obligated the defendant to pay such expenses. It is common sense that if the education provision was merely a statement of hopeful intent by the parties, the defendant's obligation to pay his children's college expenses would be merely a moral and not a legal one. This being the case, there would be no reason to address the question of upon whom the burden of proof should be placed. The trial court did not make an express finding on this issue nor did the parties brief this claim.

The question of the interpretation of a separation agreement is a question of fact for the trier. *Lavigne* v. *Lavigne,* 3 Conn. App. 423, 427, 488 A.2d 1290 (1985). For this court to review a finding of a trial court to determine whether it erred in interpreting a contract, we need an actual finding by the court. It is the responsibility of the parties to present this court with an adequate record for review. *Barnes* v. *Barnes,* 190 Conn. 491, 493, 460 A.2d 1302 (1983). Our rules provide a procedure for clarifying the record when rulings of the trial court are unclear. Practice Book § 4051. While it is true that the plaintiff did file a motion for articulation in this case, she did not specifically request clarification of the issue in question. In fact, her motion was simply a vague request to clarify the entire decision.[3] The trial court responded by merely adopting the

[3] The plaintiff made the following motion for articulation:

"Pursuant to Practice Book § 3082, the plaintiff hereby requests that the court (*Lewis, J.*) articulate the reason for its decision dated March 27, 1987, entering judgment upon the finding of fact.

trial referee's findings. The plaintiff did not request further articulation; Practice Book § 4061; nor did she file a motion for review of the trial court's articulation. Practice Book § 4054. When a party is "dissatisfied with the trial court's response to a motion for articulation, he [or she] may, and indeed under appropriate circumstances he [or she] must, seek immediate appeal of the rectification memorandum to this court via a motion for review." *Barnes* v. *Barnes*, supra, 493 n.2. Because it is the appellant's responsibility to provide this court with an adequate record for review; Practice Book § 4061; *State* v. *Anderson*, 209 Conn. 622, 633, 553 A.2d 589 (1989); " 'under normal circumstances we will not remand a case to correct a deficiency the appellant should have remedied.' *Carpenter* v. *Carpenter*, 188 Conn. 736, 739n, 453 A.2d 1151 (1982)." *Barnes* v. *Barnes*, supra, 494. We, therefore, decline to review this claim because the plaintiff has not provided us with an adequate record.[4]

The plaintiff next claims that the trial court erred in failing to award her support payments for her daughter pursuant to the separation agreement from November, 1981, until she reached the age of twenty-one. We find error.

Discussion of this issue requires an examination of the history of and prior judgments in this case. Under the New York judgment, the defendant was obligated

---

"The reason this articulation is requested is that this matter has been appealed, and the appellant requires a decision by the trial court upon which the Appellate Court may act in determining such appeal."

[4] We note that in addition to the plaintiff's failure to have the trial court's conclusions properly clarified, the plaintiff has not provided us with a copy of the actual separation agreement. Therefore, even if we were inclined to review this claim, review is impossible without that document. It is the appellant's responsibility to make sure that this court has all essential documents by either designating them as part of the record or placing them in the appendix. Practice Book § 4013.

to pay $115 per month per child until each attained the age of twenty-one. The plaintiff's original motion for contempt was heard before Judge Geen in February, 1981. Prior to the hearing, the parties negotiated a settlement. In reporting the settlement to the court, counsel for the plaintiff stated: "Now, I am almost embarrassed to come before the court to tell you what the settlement is. But, what has happened is this, that Mr. Haggquist is to make a payment, even though the existing order is $115 a month for each child, and $200 alimony for Mrs. Haggquist, she is willing to accept the sum of $150 a month beginning the first of July until the youngest child" reached the age of twenty-one. With respect to the arrearages, the plaintiff stated that under the agreement she would forgive them unless the defendant "fails to make these $150 payments, then that would revive the arrearages." When the court queried the plaintiff as to why she would accept such an unbeneficial arrangement she stated: "I would love to collect it, but it is impossible . . . . Because I would be in court just about every week. I have a life to live." Judgment was rendered in accordance with this settlement. A review of the full transcript of that proceeding shows that, although the question of the amount of arrearages was never agreed upon, the court did find an amount that, even if incorrect, was not appealed. The court accepted what purported to be an agreement between the parties, which benefited the defendant, and ordered him to pay a *total* of $150 a month beginning July 1, 1981, and ending May 28, 1985, when the youngest child reached the age of twenty-one.

The attorney referee found that it was unclear whether Judge Geen's order terminated the defendant's support obligation to his daughter. After carefully reviewing the transcript of the hearing before Judge Geen, we conclude that this finding by the referee was clearly erroneous. Practice Book § 4185. Because nothing further was specified, the order of

$150 per month total support represented unallocated alimony *and* support, and that unallocated amount was for the support of *both* children. The transcript of this proceeding reveals that this judgment did not terminate the defendant's obligation to support his daughter.

In November, 1981, the defendant filed a motion for modification of his alimony obligations. Subsequently, the plaintiff filed a motion for contempt for the defendant's failure to meet his support obligations. On November 20, a hearing was held on the defendant's modification motion before Judge Zarrilli, at which time neither party accurately represented the actual facts of the prior judgment to the court. At that hearing, the defendant, without mentioning the prior order, asked the court to suspend only his alimony payments, which he represented were $200 per month. He stated he would continue to pay "support in the amount of $115 per month *for the son*." (Emphasis added.) The defendant did not mention his daughter. The plaintiff vaguely addressed the prior Connecticut proceeding and incorrectly referred to payments "under the agreement and on the arrearages," of "the total amount of $115." The court was never told the correct amount of the prior judgment of $150 per month or that the amount represented a combination of alimony and support for both children. The court was informed only that two such payments were made and no others.[5] The court ordered

---

[5] Counsel for the plaintiff stated: "I did later proceed and apply for a rule to show cause to hold Mr. Haggquist in contempt and in June of this year, we did agree to, that a lowering of the amount that he should pay, under the agreement and on the arrearages, whatever, the total amount of $115, which he paid for one month. Then he paid for another month, $115 and then for whatever reasons, would later come into the picture, he did not continue to pay.

"I realize that at the present time, I am powerless because of his unemployment to seek any contempt remedy to enforce his paying of either that order or the pending order or the past arrearages.

"So, I must state for the record that I am objecting to the—any consideration of the motion to modify at this time."

a suspension of the alimony payment of $200 per month, and a continuation of the "support" payment of $115 per month for the period during which the defendant remained unemployed. From this record, it is apparent that the court accepted the inaccurate representations of both counsel.[6]

The trial referee found that it was unclear whether Judge Zarrilli's modification order had terminated the defendant's support obligation to his daughter. On the basis of this finding, he concluded that he would "treat the case as the parties presented it in the earlier case" and declined to order arrears for the daughter. We disagree with the underlying rationale of this analysis that the parties, by their inaccurate representations, and the trial court, by its subsequent order based on these inaccuracies, could, by implication, terminate the daughter's support. Because the effect of the trial court's action in this case was to terminate the daughter's rights and annul her arrears, and because this is a foreign judgment, we must apply the law of New York to resolve this issue. General Statutes § 46b-71 (b).[7] Under New York law, when a party is obligated to pay child support and wishes to avoid payments, that party must make an affirmative request to the court and demonstrate his or her reasons for needing such relief. N.Y. Dom. Rel. Law § 236 (9) (b) (McKinney 1986). "Unless

---

[6] In reporting his decision, Judge Zarrilli stated: "Under the circumstances, the motion to modify is granted as follows. The alimony payment of $200 per month is suspended during the period of unemployment of the defendant as hereinafter stated. However, the support payment of $115 per month shall continue. It is the order of the Court that this matter be reviewed 90 days from today or sooner in the event the defendant becomes re-employed."

[7] Pursuant to General Statutes § 46b-71, a foreign judgment that has been properly obtained and filed in a court of this state where enforcement is sought, "shall be enforced and otherwise in the same manner as a judgment of a court of this state." If the action sought is for modification, suspension, to set aside, alter or amend such judgment, however, the substantive law of the foreign state will control.

and until such a modification is made, the party is responsible for the current amount . . . . " N.Y. Dom. Rel. Law § 244 commentary (McKinney 1986). In this case, the defendant's request for modification only included his wife's alimony. The defendant did not seek suspension, modification or termination of the daughter's support, and there is nothing in Judge Zarrilli's decision to suggest that he even considered the daughter's support. Therefore, Judge Zarrilli's decision did not affect the daughter's support and the defendant's obligations to his daughter, therefore, continued. We conclude that the attorney referee's adoption of the parties' inaccurate representations, and his finding that such misrepresentations could terminate the daughter's support, were clearly erroneous. Practice Book § 4061.

The effect of the court's action in this case was to annul the daughter's arrears. Under New York law a trial court may not reduce or cancel arrears "unless the facts and circumstances constituting good cause are set forth in a written memorandum of decision." N.Y. Dom. Rel. Law § 236 (9) (b) (McKinney 1986). The record is devoid of any specific finding by the trial court as required by this statute. The trial referee's denial of arrears for the daughter was based on his finding that the defendant's obligation to support his daughter had, by implication, been terminated by the parties' inaccurate representations to Judge Zarrilli. As explained above, this proposition is untenable, and therefore does not constitute good cause for denying the plaintiff's *arrears*. The plaintiff is therefore entitled to arrears for support payments for her daughter for eighteen months at the rate of $115 per month or a total increase in the judgment of $1840.

The plaintiff next assigns as error the trial court's denial of an award of interest. We find no abuse of dis-

cretion. "The determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice rather than the application of any arbitrary rule." *Bernhard* v. *Rochester German Ins. Co.*, 79 Conn. 388, 398, 65 A. 134 (1906). The allowance of prejudgment interest is an equitable determination that is within the discretion of the trial court. *West Haven Sound Development Corporation* v. *West Haven*, 207 Conn. 308, 321, 541 A.2d 858 (1988). The plaintiff recognized the court's discretionary and equitable powers to award interest, but has cited no legal authority for the proposition that she is entitled to interest as a matter of right. A careful review of the record reveals no abuse of judicial discretion in refusing to award interest.

## II

### THE DEFENDANT'S CROSS APPEAL

The defendant's first assignment of error in his cross appeal is that the trial court erred in giving res judicata effect to the June, 1981 ruling of the court, *Geen, J.*, and therefore refusing to modify the arrearages to account for the defendant's unemployment prior to June 25, 1981. We find this contention without merit.

Because the defendant's request was one for modification of arrears, we again look to New York law to resolve this issue. General Statutes § 46b-71. Under New York law, once a judgment granting arrears is entered, it is final and not modifiable. N.Y. Dom. Rel. Law § 244 (McKinney 1986).[8]

---

[8] New York Domestic Relations Law § 244 provides: "Where a spouse in an action for divorce, separation or annulment, or declaration of nullity of a void marriage, or a person other than a spouse when an action for an annulment is maintained after the death of a spouse, defaults in paying any sum of money as required by the judgment or order directing the payment thereof, such direction shall be enforceable pursuant to section fifty-two hundred forty-one or fifty-two hundred forty-two of the civil practice

We decline to review the defendant's other claims in his cross appeal because he has not presented us with any legal authority or analysis in support of his claims. "Assignments of error which are merely mentioned and not briefed beyond a statement of a claim will be deemed abandoned and will not be reviewed by this court." *Hayes* v. *Smith,* 194 Conn. 52, 66 n.12, 480 A.2d 425 (1984), citing *Cheney* v. *Strasburger,* 168 Conn. 135, 142, 357 A.2d 905 (1975).

There is error in part on the plaintiff's appeal and no error on the defendant's cross appeal. The judgment is affirmed except as to damages on unpaid support; the case is remanded with direction to render judgment for the plaintiff on her complaint for an additional

law and rules. Upon application the court shall make an order directing the entry of judgment for the amount of arrears of child support together with costs and disbursements. The court shall make an order directing the entry of judgment for the amount of arrears of any other payments so directed, together with costs and disbursements, unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears. The court shall not make an order reducing or cancelling arrears unless the facts and circumstances constituting good cause are set forth in a written memorandum of decision. The application for such order shall be upon such notice to the spouse or other person as the court may direct. Such judgment may be enforced by execution or in any other manner provided by law for the collection of money judgments. The relief herein provided for is in addition to any and every other remedy to which a spouse may be entitled under the law; provided that when a judgment for such arrears or any part thereof shall have been entered pursuant to this section, *such judgment shall thereafter not be subject to modification under the discretionary power granted by this section;* and after the entry of such judgment the judgment creditor shall not hereafter be entitled to collect by any form of remedy any greater portion of such arrears than that represented by the judgment so entered. Such judgment shall provide for the payment of interest on the amount of any arrears if the default was willful, in that the obligated spouse knowingly, consciously and voluntarily disregarded the obligation under a lawful court order. Such interest shall be computed from the date on which the payment was due, at the prevailing rate of interest on judgments as provided in the civil practice law and rules." (Emphasis added.)

amount of $1840 representing unpaid support payments for the daughter for eighteen months at $115 per month.

In this opinion the other judges concurred.