[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#105)
 I. PROCEDURAL BACKGROUND
On September 11, 2000, the plaintiff, Bruce Pistorio, filed a four count complaint naming Fleagane Enterprises, Inc., d/b/a/ Wendy's Restaurant, and Sergeant Jeanine Candels of the Newington Police Department as defendants. Counts one, two and three allege false arrest, false imprisonment and malicious prosecution against Wendy's Restaurant. Count four alleges that Candels falsely arrested, unlawfully restrained[1] and falsely imprisoned the plaintiff for trespass without probable cause in violation of the plaintiff's due process rights under 42 U.S.C. § 1983.[2]
On November 6, 2000, Candels filed a motion to strike all of the plaintiff's claims on the grounds that: (1) the plaintiff was merely issued an infraction[3] for simple trespass and was neither arrested nor detained in any manner, (2) the plaintiff has failed to allege any of the necessary facts to support his false arrest or false imprisonment claims and (3) Candels is shielded by the doctrine of qualified immunity because she was acting in her discretionary capacity as a police officer.[4] On November 9, 2000, the plaintiff filed a timely objection, arguing that: (1) Candels does not have standing to strike all of the plaintiff's claims because the first three counts of the complaint are addressed to Wendy's Restaurant, (2) Candels' action in issuing a summons[5] to the plaintiff for a trespass violation violates42 U.S.C. § 1983, (3) the plaintiff was arrested, in that he was constructively seized by Candels and (4) Candels' actions in arresting the plaintiff are not protected by qualified immunity.
On November 26, 2000, Candels filed a reply memorandum to the CT Page 5698 plaintiff's objection to the motion to strike. In the reply memorandum, Candels conceded, due to the plaintiff's clarifications made in his objection, that the first three counts of the complaint are not directed against her and that therefore the motion to strike is properly directed against only the fourth count. The matter appeared for argument on the short calendar on January 8, 2001.
 II. STANDARD OF REVIEW
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Citations omitted; internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245,260, 765 A.2d 505 (2001). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997).
"[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted; internal quotation marks omitted.) Doe v.Yale University, 252 Conn. 641, 667, 748 A.2d 834 (2000). "A motion to strike . . . does not admit legal conclusions or the truth or accuracy ofopinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra,240 Conn. 588.
"In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. PoliceCommission, 182 Conn. 138, 140, 438 A.2d 27 (1980). "Notwithstanding the procedural posture of a motion to strike, this court has approved the CT Page 5699 practice of deciding the issue of governmental immunity as a matter of law." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988); see Heigl v. Board of Education, 218 Conn. 1, 8-9,587 A.2d 423 (1991) (holding that the trial court properly granted a motion to strike on the basis of governmental immunity). "[T]he ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court. . . ." (Internal quotation marks omitted.)Purzycki v. Fairfield, 244 Conn. 101, 107, 708 A.2d 937 (1998).
 III. DISCUSSION A.
"A defendant may not move to strike a portion of a complaint that is not directed against him." Wall v. Post Publishing Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 037579 (March 26, 1992, Flynn, J.); see Baton v. Smith Real Estate, Superior Court, judicial district of New London at New London, Docket No. 515081 (October 16, 1990, Leuba, J.); Hofmiller v. Joseph, 18 Conn. Sup. 143, 144 (1952) (defendant's demurrer to entire complaint denied where only one count was directed at him). Accordingly, Candels' motion to strike is denied insofar as it is directed against counts one, two and three.
 B.
The plaintiff alleges that "Candels arrested [him] for trespass pursuant to [General Statutes] § 53a-110a."[6] (Plaintiff's Complaint, Count Four, ¶ 8.) Simple trespass, as defined in §53a-110a, "is an infraction." General Statutes § 53a-110a (b). In Connecticut, "[a] summons for the commission of an infraction . . . shall not be deemed to be an arrest. . . . See State v. Zyko, 1 Conn. App. 517,518, 473 A.2d 337, cert. denied, 193 Conn. 804, 475 A.2d 1104 (1984)." (Internal quotation marks omitted.) State v. One 1993 Black KenworthTruck, 41 Conn. App. 779, 784, 679 A.2d 13 (1996). Therefore, the threshold question before the court is whether the plaintiff has sufficiently alleged an arrest, that is, a detention or restriction of freedom of movement amounting to a deprivation of liberty.
"`In criminal procedure an arrest consists in the taking into custody of another person under real or assumed authority for the purpose of holding or detaining him to answer a criminal charge . . .' 6A C.J.S. Arrest § 4 (1975)." Persico v. Burns, Superior Court, judicial district of New Haven at New Haven, Docket No. 3700305 (July 29, 1997,Meadow, J.T.R.). "`Obviously, not all personal intercourse between policemen and citizens involves "seizures" of persons. Only when the officer, by means of physical force or show of authority, has in some way CT Page 5700 restrained the liberty of a citizen may we conclude that a "seizure" has occurred.'" Id., quoting Terry v. Ohio, 392 U.S. 1, 19 n. 16,88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
Plaintiff alleges that, after he "had consumed his food and beverage at a table outside the Wendy's Restaurant which table was provided by Wendy's for customers like him" (Complaint, Count Four, ¶ 4), Candels informed him "that she intended to arrest him for trespass although he informed her that he was a customer and business invitee of Wendy's." (Complaint, Count Four, ¶ 5.) He further alleges that the Wendy's restaurant manager then conferred "with the Newington Police Officers which included approximately 2 police Sergeants and several police officers." (Complaint, Count Four, ¶ 7.) Thereafter, he claims, Candels arrested him "for trespass pursuant to Conn. Gen. Stat. §53a-110a." (Complaint, Count Four, ¶ 8.)
In response to Candels' motion to strike, the plaintiff argues that he was arrested "via the issuance of a summons for an infraction" (Plaintiff's Objection, p. 2) and that he was arrested in that he was "constructively `seized'" by Candels. (Plaintiff's Objection, p. 3.) As noted above, the fact that a summons was issued is not pleaded in the complaint and is not considered by the court. The constructive seizure argument is premised on the assertion that "[u]nder these circumstances a layman like the plaintiff reasonably and objectively believed that he was not free to leave the scene and had been `seized' and would be subject to imminent arrest." (Plaintiff's Objection, p. 3)
The plaintiff's complaint nowhere alleges facts showing an actual or constructive seizure. That Candels said she intended to arrest him for trespass and that there were several officers present is insufficient to show that a seizure took place. The balance of the allegations, including that Candels arrested him for trespass, and that he was "falsely arrested, unlawfully restrained, and falsely imprisoned" (Complaint, Count Four, ¶ 13; see also ¶ 12) are merely legal conclusions which the court may not consider on a motion to strike. The plaintiff has failed to allege facts showing a deprivation of liberty sufficient to support a claim of false arrest pursuant to 42 U.S.C. § 1983.
 C.
Even assuming, arguendo, the plaintiff has sufficiently alleged a deprivation of liberty, the defendant argues that she is nevertheless shielded from liability by the doctrine of qualified immunity. "[A] claim for qualified immunity from liability for damages under [42 U.S.C.] § 1983 raises a question of federal law . . . and not state law. Therefore, in reviewing . . . claims of qualified immunity we are bound CT Page 5701 by federal precedent, and may not expand or contract the contours of the immunity available to government officials. . . . Furthermore, in applying federal law in those instances where the United States Supreme Court has not spoken, we generally give special consideration to decisions of the Second Circuit Court of Appeals." (Citations omitted; internal quotation marks omitted.) Schnabel v. Tyler, 230 Conn. 735,742, 646 A.2d 152 (1994).
"The defense of qualified immunity shields government officials from civil liability if the official's conduct did not violate constitutional rights that were clearly established at the pertinent time or if it was objectively reasonable for the official to believe that the conduct did not violate such rights. . . . As a general rule, police officers are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." (Citations omitted; internal quotation marks omitted.) Weyel v. Catania,52 Conn. App. 292, 296, 728 A.2d 512, cert. denied, 248 Conn. 922,733 A.2d 846 (1999).
Specifically, "in the context of allegations of false arrest . . . [a]n arresting officer is entitled to qualified immunity from a suit for damages on a claim for arrest without probable cause if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." (Internal quotation marks omitted.) Lee v. Sandberg, 136 F.3d 94, 102 (2d Cir. 1997); Golino v. NewHaven, 950 F.2d 864, 870 (2d Cir. 1991), cert. denied, 505 U.S. 1221,112 S.Ct. 3032, 120 L.Ed.2d 902 (1992). In determining whether an officer's actions were objectively reasonable, "[t]he court should ask whether the agents acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be construed after the fact." (Internal quotation marks omitted.) Lee v. Sandberg, supra, 136 F.3d 104. Nevertheless, "[a] police officer has acted in an objectively unreasonable manner when no officer of reasonable competence could have made the same choice in similar circumstances." (Internal quotation marks omitted.) Id., 102.
"Probable cause exists when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested. . . . In fact, [a]n arresting officer advised of a crime by a person who claims to be the victim, and who signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." (Internal quotation marks, citation and footnote CT Page 5702 omitted.) Lee v. Sandberg, supra, 136 F.3d 102-103.
For purposes of the present motion to strike, the plaintiff must allege facts that reasonably support the allegation that Candels acted without an objectively reasonable belief in the existence of probable cause and that reasonably competent officers could not disagree on whether there was probable cause. In the complaint, the plaintiff alleges that Wendy's Restaurant filed a letter of complaint with the Town of Newington Police Department requesting that the Newington Police arrest people found loitering and trespassing at the Wendy's Restaurant on the Berlin Turnpike. Pursuant to Wendy's Restaurant's written complaint, Candels proceeded to the Wendy's Restaurant on May 26, 2000. At approximately 10:00 p.m., Candels observed the plaintiff at a table outside of Wendy's Restaurant, which was provided for Wendy's customers, where the plaintiff "had purchased food and beverage, and had consumed his food and beverage . . . (Plaintiff's Complaint, Count Four, ¶ 4.) Subsequently, Candels approached the plaintiff and informed him that she intended to arrest him for trespass. The plaintiff informed Candels that he was a customer and then complained to the manager that as a Wendy's customer he should not be subject to arrest upon its complaint to the Newington Police. The manager then went outside of the restaurant to confer with the Newington police officers, which included two police sergeants and several police officers. Thereafter, Candels "arrested [the plaintiff] for trespass pursuant to . . . § 53a-110a." (Plaintiff's Complaint, Count Four, ¶¶ 2-8.)
Nothing in these allegations, even construed most favorably to the plaintiff, establishes facts which show that Candels lacked an objectively reasonable belief in the existence of probable cause. Alternatively, at the very least, officers of reasonable competence could disagree on whether the test for probable cause was met. The allegations show that, based on the letter of complaint sent to the police department concerning loitering and trespassing at the location, Candels' subsequent observations upon arriving at the restaurant, and her conversation with the manager, it was objectively reasonable for Candels to believe that probable cause existed to charge the plaintiff with simple trespass, or, alternatively, officers of reasonable competence could disagree as to whether probable cause existed. See Lee v. Sandberg, supra, 136 F.3d 94. The plaintiff has failed to allege facts which would cause a reasonable person to conclude that probable cause was lacking. For example, the plaintiff does not allege that in conferring with the police officers the manager or any other Wendy's Restaurant employee gave Candels any exculpatory information whatsoever concerning the plaintiff. That plaintiff had in fact entered the premises when licensed or privileged to do so and had presented his defense to Candels does not change the situation. In the exercise of her duties as a police officer, Candels was CT Page 5703 not required to believe the plaintiff's version of events, i.e. that he was a business invitee. Consequently, the plaintiff has failed to plead facts sufficient to defeat Candels' qualified immunity.
 CONCLUSION
The defendant's motion to strike the plaintiff's complaint is denied as to counts one, two and three, and granted as to count four. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT