### VERONICA D. VIETS *v.* ROBERT G. VIETS
### (14503)

Dupont, C. J., and Foti, Heiman, Spear and Hennessy, Js.

Considered September 20—decision released October 24, 1995

*Charlotte Croman,* in support of the motion.

DUPONT, C. J. In this appeal from a judgment dissolving the parties' marriage, the plaintiff has filed a motion for review of the trial court's denial of a motion for articulation. The dispositive issue is whether any relief requested in a motion for review of the denial of a

motion for articulation is warranted when the motion for review is timely, but the trial court has previously denied three similar motions for articulation, and the movant did not seek review of any of those denials. We conclude that relief should be denied.

The trial court dissolved the parties' marriage and awarded the plaintiff permanent periodic alimony in the amount of $300 per week, the interest of the defendant in the marital property and $20,000 as a property division.

After appealing from the court's judgment, the plaintiff, on March 9, 1995, moved the trial court to articulate the factual and legal bases for its conclusions regarding each party's earning capacity, alimony, the transfer of the defendant's interest in the marital property and the plaintiff's claims as to her poor health. The motion also sought articulation of the reason why the court did not value the defendant's business. The trial court denied that motion on March 20, 1995. The plaintiff did not seek review of the trial court's order.

The plaintiff moved for articulation a second time on May 17, 1995. The second motion for articulation again raised the issues of each party's earning capacity, alimony, valuation of the defendant's business and the transfer of the defendant's interest in the marital property. The second request for articulation, however, raised for the first time the court's order directing the defendant to pay the plaintiff $20,000 as a property division. The trial court denied this motion on May 25, 1995. The plaintiff again failed to move for this court's review of the denial of her second motion for articulation.

On June 6, 1995, after receiving portions of the transcript, the plaintiff filed a "supplemental motion for articulation" seeking clarification of the court's conclusion regarding the defendant's income in light of certain

testimony. The trial court denied that motion on June 9, 1995, and the plaintiff again failed to move for review with this court.

The plaintiff moved for articulation a fourth time on July 10, 1995.[1] In this fourth articulation request, the plaintiff claimed that the trial court failed to review the necessary statutory criteria in rendering the judgment in this case. This motion sought articulation of the court's conclusions concerning alimony, the $20,000 property division, each party's earning capacity, the transfer of the defendant's interest in the marital property and the valuation of the defendant's business. The trial court denied this request on July 19, 1995, and the plaintiff moved for the first time for this court's review of that decision.

"It is the responsibility of the appellant to provide an adequate record for review." Practice Book § 4061. In order to ensure an adequate record for review, the appellant may move for articulation pursuant to Practice Book § 4051.[2] *Lockwood* v. *Professional Wheelchair Transportation, Inc.*, 37 Conn. App. 85, 90, 654 A.2d 1252, cert. denied, 233 Conn. 902, 657 A.2d 641 (1995). "An articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification." *State* v. *Wilson*, 199 Conn. 417, 435, 507 A.2d 1367 (1986).

---

[1] The plaintiff's fourth motion is entitled a motion for clarification. Despite the title, it is clear from the substance of the motion that the plaintiff was again seeking articulation from the trial court.

[2] Practice Book § 4051 provides in relevant part: "Any motion . . . seeking an articulation or further articulation of the decision of the trial court shall be determined by the judge of the trial court whence the appeal is taken or the reservation is made. The trial court may make such corrections or additions as are necessary for the proper presentation of the preliminary statement of issues . . . . The action of the trial judge as regards such a correction or addition may be reviewed by the court in which the appeal is pending under Sec. 4054. Nothing herein is intended to affect the existing practice with respect to opening and correcting judgments and the records on which they are based. . . ."

"When a party is dissatisfied with the trial court's response to a motion for articulation, he [or she] may, and indeed under appropriate circumstances he [or she] must, seek immediate appeal of the rectification memorandum to this court via a motion for review." (Internal quotation marks omitted.) *Buchetto* v. *Haggquist*, 17 Conn. App. 544, 549, 554 A.2d 763, cert. denied, 211 Conn. 808, 559 A.2d 1141 (1989); see also Practice Book § 4054.[3] Although motions for articulation and motions for review of the denial of articulations are appropriate in some instances; see *DeLuca* v. *DeLuca*, 37 Conn. App. 586, 588, 657 A.2d 690 (1995); such motions should not be used to delay or obstruct the appellate process.[4]

Because a motion for articulation challenges the clarity of the trial court's decision, any ambiguities and deficiencies that may exist in the court's decision are usually apparent at the time the decision is rendered, and should, therefore, be addressed in one motion for articulation. If the appellant is of the opinion that the trial court, in denying the motion for articulation, has prevented the appellant from providing this court with an adequate record for review, the appellant should file a motion for review under Practice Book § 4054 within ten days of the issuance of notice of the denial.[5]

In this case, the plaintiff has filed four motions for articulation that are all similar in content. Furthermore,

---

[3] Practice Book § 4054 provides in pertinent part: "Any party aggrieved by the action of the trial judge as regards . . . articulation under Sec. 4051 may, within ten days of the issuance of notice of the order sought to be reviewed, make a written motion for review to the court . . . and the court may, upon such a motion, direct any action it deems proper. . . ."

[4] The filing of unnecessary or unwarranted motions, or the filing of any papers that unduly delay the progress of an appeal may subject offenders to appropriate discipline and sanctions, after a hearing. Practice Book § 4184.

[5] We do not overlook the possibility of a motion for further articulation when the trial court's response to the articulation request, other than a denial, is not adequate for appellate review. Practice Book § 4051; see also *Holmes* v. *Holmes*, 32 Conn. App. 317, 320–21, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993).

the motions for articulation each raise alleged ambiguities and deficiencies that were all apparent at the time the court's decision was rendered. The plaintiff could and should have raised all of these issues in her first motion for articulation. Instead, the plaintiff filed four separate and similar motions to address the same basic issues.

The plaintiff's failure to move for review of the trial court's denial of her first three motions for review warrants denial of any relief. Because all of the motions for articulation raised the same issues, the plaintiff is essentially moving for review of a decision that should have been challenged within ten days of the denial of the first motion for articulation.

The relief requested in the plaintiff's motion for review is denied.

In this opinion the other judges concurred.