CAROLYN READER *v.* JON CASSARINO
(AC 17289)

Foti, Hennessy and Sullivan, Js.

---

[7] See footnote 4.

Argued September 14—officially released December 22, 1998

*David S. Slowe,* with whom was *Richard Tenenbaum,* for the appellant (plaintiff).

*Clifton E. Thompson,* for the appellee (defendant).

*Opinion*

SULLIVAN, J. The plaintiff, Carolyn Reader, appeals from the judgment rendered awarding her damages in the amount of $1. On appeal, the plaintiff claims that the trial court improperly (1) failed to comply with General Statutes § 52-231 and Practice Book §§ 327, 334 (a) and 4059, now §§ 17-5, 6-1 and 64-1, in the issuance of its judgment, (2) awarded nominal damages in the amount of $1, (3) found that the defendant was not liable under the Connecticut Unfair Trade Practices Act (CUTPA)[1] and (4) found that the defendant did not violate the unlawful entry statutes. General Statutes

---

[1] General Statutes § 42-110a et seq. CUTPA provides a cause of action based on "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a).

§ 47a-16 et seq.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the disposition of this appeal. The plaintiff leased a three bedroom apartment from the defendant landlord for several years. During that time, the defendant periodically helped the plaintiff by moving her air conditioner and other heavy items. In February, 1991, the defendant, acting on a reasonable assumption that the plaintiff intended to vacate the apartment, moved the plaintiff's furniture and belongings from the third floor of the apartment to the second floor. The defendant also installed a door in front of the stairwell to the third floor thereby restricting the plaintiff's access to the third floor.[3] For the next six months, the plaintiff did not pay rent, causing a total loss to the defendant of $3900. Additionally, the defendant paid the plaintiff the sum of $2000 to be credited to any damage award.

The plaintiff filed a complaint against the defendant alleging that he had violated General Statutes § 47a-43,[4]

---

[2] General Statutes § 47a-16 provides: "(a) A tenant shall not unreasonably withhold consent to the landlord to enter into the dwelling unit in order to inspect the premises, make necessary or agreed to repairs, alterations or improvements, supply necessary or agreed to services or exhibit the dwelling unit to prospective or actual purchasers, mortgagees, tenants, workmen or contractors.

"(b) A landlord may enter the dwelling unit without consent of the tenant in case of emergency.

"(c) A landlord shall not abuse the right of entry or use such right of entry to harass the tenant. The landlord shall give the tenant reasonable written or oral notice of his intent to enter and may enter only at reasonable times, except in case of emergency.

"(d) A landlord may not enter the dwelling unit without the consent of the tenant except (1) in case of emergency, (2) as permitted by section 47a-16a, (3) pursuant to a court order, or (4) if the tenant has abandoned or surrendered the premises."

[3] The trial court made no finding as to any damages suffered as the result of the defendant's placement of a door blocking access to the third floor.

[4] The entry and detainer statute, General Statutes § 47a-43 (a) provides in relevant part: "When any person . . . (3) enters into any land, tenement

CUTPA and General Statutes 47a-16 et seq. The trial court articulated that it found for the plaintiff under the entry and detainer statute and found for the defendant as to the claimed violations of the unlawful entry statute and CUTPA. The trial court rendered judgment for the plaintiff in the amount of $1. This appeal followed.

I

The plaintiff first claims that the trial court failed to articulate its factual findings and legal conclusions, in violation of General Statutes § 52-231 and Practice Book § 327, now § 17-5. Sections 52-231 and 17-5 require that each court "keep a record of its proceedings and cause the facts on which it found its final judgments and decrees to appear on the record; and any such finding if requested by any party shall specially set forth such facts." Further, the plaintiff argues that the identical requirements of Practice Book § 334A, now § 6-1, and § 4059, now § 64-1,[5] were not met.

We recognize that "[w]hen a trial court fails to answer a motion for articulation or does so incompletely, the appellant should seek a further articulation." *Blakeslee Arpaia Chapman, Inc.* v. *EI Constructors, Inc.*, 239 Conn. 708, 737, 687 A.2d 506 (1997). "When a party is dissatisfied with the trial court's response to a motion for articulation, he [or she] may, and indeed under

or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor, or (4) when the party put out of possession would be required to cause damage to the premises or commit a breach of the peace in order to regain possession, the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the Superior Court.

[5] Practice Book §§ 6-1 (a) and 64-1 provide in relevant part that "in judgments in trials to the court in civil and criminal matters . . . the [court] shall, either orally or in writing, state its decision on the issues in the matter. The [court] shall include in its decision its conclusion as to each claim of law raised by the parties and the factual basis therefor. . . ."

appropriate circumstances he [or she] must, seek immediate appeal of the rectification memorandum to this court via a motion for review. . . . *Buchetto* v. *Haggquist*, 17 Conn. App. 544, 549, 554 A.2d 763, cert. denied, 211 Conn. 808, 559 A.2d 1141 (1989); see also Practice Book § 4054 [now § 66-7]." (Internal quotation marks omitted.) *Viets* v. *Viets*, 39 Conn. App. 610, 613, 666 A.2d 434 (1995).

Here, the plaintiff failed to avail herself of the procedural vehicles available to remedy any deficiencies in the record. The plaintiff did not request a further articulation pursuant to Practice Book § 4051, now § 66-5,[6] after the trial court issued its articulation. Also, the plaintiff did not attempt to remedy any deficiencies in the record by filing a motion for a special finding,[7] the purpose of which is to put on the record those facts that are the basis for the judgment. See *Berry* v. *Hartford National Bank & Trust Co.*, 125 Conn. 615, 622, 7 A.2d 847 (1939). Further, the plaintiff did not file a motion for review of the trial court's articulation with this court. Practice Book § 66-7, formerly § 4054.[8] The burden is on the plaintiff to provide this court with an adequate record as to the issues raised by the plaintiff. Practice Book § 61-10.[9]

---

[6] Practice Book § 66-5 provides in relevant part: "A motion for further articulation may be filed by any party within twenty days after issuance of notice of the filing of an articulation by the trial judge. . . ."

[7] General Statutes § 52-226 provides in relevant part: "In any trial to a court, except a trial at a small claims session, the court shall find, upon written motion of either party made within fourteen days after the entry of judgment, the facts upon which its judgment is founded, and make the finding a part of the record."

[8] Practice Book § 66-7 provides in relevant part: "Any party aggrieved by the action of the trial judge as regards rectification of the appeal or articulation under Section 66-5 may, within ten days of the issuance of notice of the order sought to be reviewed, make a written motion for review to the court, to be filed with the appellate clerk, and the court may, upon such a motion, direct any action it deems proper. . . ."

[9] Practice Book § 61-10 provides in relevant part: "It is the responsibility of the appellant to provide an adequate record for review. The appellant

The plaintiff urges us to address on direct appeal her concerns that should have been resolved through the use of the proper rules of practice. This we decline to do.

## II

The plaintiff next claims that the trial court improperly awarded nominal damages under General Statutes § 47a-43, failed to award damages under CUTPA and failed to award damages under General Statutes § 47a-16 et seq.

We recognize that "[t]he trial judge has a broad legal discretion and his action will not be disturbed unless there is a clear abuse." *Buckman* v. *People Express, Inc.*, 205 Conn. 166, 175, 530 A.2d 596 (1987). "As a general rule, the determination of damages involves a question of fact that will not be overturned unless it is clearly erroneous." *Gerber & Hurley, Inc.* v. *CCC Corp.*, 36 Conn. App. 539, 545, 651 A.2d 1302 (1995), citing *Beckman* v. *Jalich Homes, Inc.*, 190 Conn. 299, 309–10, 460 A.2d 488 (1983). Thus, we give substantial deference to the trial judge on the issue of damages.

## A

We first address the plaintiff's challenge to the trial court's award of nominal damages for the defendant's violation of General Statutes § 47a-43, the entry and detainer statute. In this case, the trial court found that the plaintiff failed to offer any evidence of actual or emotional damages as a result of the defendant's actions and therefore awarded nominal damages in the amount of $1.

"On appeal, it is the function of this court to determine whether the decision of the trial court is clearly

shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. . . ."

erroneous." (Internal quotation marks omitted.) *Barbara Weisman, Trustee* v. *Kaspar*, 233 Conn. 531, 541, 661 A.2d 530 (1995). "The appellant has the burden of establishing that there has been an erroneous ruling which was probably harmful to him." (Internal quotation marks omitted.) *Blancato* v. *Randino*, 33 Conn. App. 44, 49, 632 A.2d 1144, cert. denied, 228 Conn. 916, 636 A.2d 846 (1993).

After a review of the record and briefs, and after hearing from the parties at oral argument, we conclude that the plaintiff has failed to make a substantial showing that the trial court findings as to damages were clearly erroneous. Thus, we conclude that the plaintiff's challenge to the damages award for the defendant's violation of General Statutes § 47a-43 is without merit.

B

The plaintiff also claims that the trial court improperly held that the defendant did not violate CUTPA. We disagree.

Although the plaintiff argues that the trial court incorrectly held that her CUTPA claim could not be brought on the basis of an isolated incident, we need not address that issue here, as the plaintiff does not have a valid CUTPA claim regardless of this issue. CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). We recognize however, that CUTPA is limited to "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b . . . ." General Statutes § 42-110g (a). "The plain language of § 42-110g (a) provides one limitation by requiring that the plaintiff suffer an ascertainable loss that was caused

by the alleged unfair trade practice." *Haesche* v. *Kissner*, 229 Conn. 213, 223–24, 640 A.2d 89 (1994).

"A party seeking to recover damages under CUTPA must meet two threshold requirements. First, he [or she] must establish that the conduct at issue constitutes an unfair or deceptive trade practice. . . . Second, he must present evidence providing the court with a basis for a reasonable estimate of the damages suffered." (Internal quotation marks omitted.) *Jacques All Trades Corp.* v. *Brown*, 42 Conn. App. 124, 130, 679 A.2d 27 (1996), aff'd, 240 Conn. 654, 692 A.2d 809 (1997). The second requirement for a valid CUTPA claim does not necessitate that the actual amount of ascertainable loss be proven. See *Beverly Hills Concepts, Inc.* v. *Schatz & Schatz, Ribicoff & Kotkin*, 247 Conn. 48, 78–79, 717 A.2d 724 (1998); *Hinchliffe* v. *American Motors Corp.*, 184 Conn. 607, 614, 440 A.2d 810 (1981), on appeal after remand, 192 Conn. 252, 470 A.2d 1216 (1984).

In *Beverly Hills Concepts, Inc.*, our Supreme Court found that, although the amount of damages was not proven to a reasonable certainty, that alone did not dispose of the plaintiff's CUTPA claim. The plaintiff in *Beverly Hills Concepts, Inc.*, failed to prove satisfactorily her damages for lost profits. The court found, however, that that alone should not defeat the plaintiff's CUTPA claim; in that case, the CUTPA claim was dismissed on other grounds.

Similarly, in *Hinchliffe*, our Supreme Court found that the consumer's loss in the case was "ascertainable if it is measurable even though the precise amount of the loss is not known." *Hinchliffe* v. *American Motors Corp.*, supra, 184 Conn. 614. The court in *Hinchliffe* focused on the CUTPA language requiring an "ascertainable loss" and found that it does not necessitate proof of a specific amount of damages. Thus, although the court dismissed the CUTPA claim on other grounds, the

*Hinchliffe* court found the plaintiffs' failure to calculate precisely an amount of loss did not preclude their CUTPA claim.

In both *Beverly Hills Concepts, Inc.,* and *Hinchliffe,* our Supreme Court did not allow the failure to prove the precise amount of damages to thwart the plaintiff's CUTPA claim; however, those cases are not dispositive of the present case. "While CUTPA damages need not be proven with absolute precision, *the failure to present any evidence* concerning the nature and extent of the injury sustained precludes recovery under the statute." (Emphasis added.) *A. Secondino & Son, Inc.* v. *LoRicco,* 215 Conn. 336, 344, 576 A.2d 464 (1990).

In the present case, the trial court articulated that the plaintiff *"failed to present any evidence* of actual damages as a result of the concededly illegal entry and detainer." (Emphasis added.) There is insufficient evidence, in this case, to find an ascertainable loss. As no ascertainable loss can be found, the plaintiff is precluded from recovery under the CUTPA statute. We therefore find that regardless of whether a CUTPA claim can be based on a single incident, the plaintiff, as a matter of law, cannot prevail.

C

The plaintiff next claims that the trial court failed to find a violation of General Statutes § 47a-16 et seq. We decline to address that issue.

"On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must

determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Internal quotation marks omitted.) *Barbara Weisman, Trustee* v. *Kaspar*, supra, 233 Conn. 541.

In the present case, the trial court stated in its articulation, "judgment for the defendant on count 3." The record does not provide any additional information concerning the factual basis for the decision. We are therefore unable to determine whether the factual basis for the court's decision is clearly erroneous. Accordingly, we decline to address the plaintiff's claim.

The judgment is affirmed.

In this opinion FOTI, J., concurred.

HENNESSY, J., dissenting. I respectfully dissent from the majority opinion with regard to the plaintiff's claim under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., because I conclude that the trial court improperly found that an isolated incident could not be the predicate for a violation of CUTPA and that the evidence in the record is sufficient to show that the plaintiff suffered an ascertainable loss as a result of the defendant's violation of General Statutes § 47a-43 (a) (3) and (4).

Although the majority does not address the issue of whether an isolated incident can be the predicate for a violation of CUTPA, the trial court rendered judgment for the defendant on the CUTPA claim because it found that an isolated incident could not be the predicate for a violation of CUTPA. Since the plaintiff raised this issue on appeal, I believe it is appropriate to address whether an isolated incident can be the predicate for a violation of CUTPA. "Because statutory interpretation is a question of law, our review is de novo." *Andover*

*Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 396, 655 A.2d 759 (1995).

"CUTPA was designed to protect the public from unfair practices, and whether a practice is unfair depends upon the finding of a violation of an identifiable public policy. . . . [A] violation of CUTPA can be found . . . where the defendant's actions violate the public policy found in two subdivisions [(3) and (4)] of General Statutes § 47a-43 (a). . . . These provisions of § 47a-43 uphold the long-standing public policy against proceeding by way of self-help remedies when evicting a tenant . . . . [T]he subjective good faith of one who has in fact performed an unfair or deceptive act is not a defense to a CUTPA violation . . . ." (Citations omitted; internal quotation marks omitted.) *Daddona* v. *Liberty Mobile Home Sales, Inc.*, 209 Conn. 243, 257–58, 550 A.2d 1061 (1988).

Therefore, it is the violation of the public policy underlying § 47a-43 (a) (3) and (4), and not the number of incidents, that creates the factual predicate for a claim of a CUTPA violation. See id. (violation of CUTPA existed where defendant dismantled plaintiff's mobile home rather than evict her); see also *Gebbie* v. *Cadle Co.*, 49 Conn. App. 265, 278–80, 714 A.2d 678 (1998) (affirming trial court's finding that CUTPA violation existed where defendant acknowledged that it was bound by loan restructure agreement but refused to honor it). In this case, the defendant conceded, and the trial court found, that there was an illegal entry and detainer. I conclude that the trial court improperly found that an isolated incident could not be the predicate for a violation of CUTPA.

Because the majority concluded that the plaintiff did not have a valid CUTPA claim in that "[t]here is insufficient evidence, in this case, to find an ascertainable

loss," I will address this issue.[1] "General Statutes § 42-110g (a) affords a cause of action to [a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b . . . ." (Internal quotation marks omitted.) *Beverly Hills Concepts, Inc.* v. *Schatz & Schatz, Ribicoff & Kotkin,* 247 Conn. 48, 78–79, 717 A.2d 724 (1998).

The trial court found that "[t]he plaintiff . . . failed to present any evidence of *actual damages as a result of the concededly illegal entry and detainer.*" (Emphasis added.) On the basis of that factual finding, the majority concludes that there is insufficient evidence to find an ascertainable loss. Under CUTPA, however, "[l]oss has a broader meaning than the term damage." (Internal quotation marks omitted.) Id., 79. Our Supreme Court has held that to satisfy the ascertainable loss requirement under CUTPA, "there is no need [for the plaintiff] to allege or prove the amount of the ascertainable loss. *Hinchliffe* v. *American Motors Corp.,* 184 Conn. 607, 614, 440 A.2d 810 (1981), on appeal after remand, 192 Conn. 252, 470 A.2d 1216 (1984)." (Internal quotation marks omitted.) *Beverly Hills Concepts, Inc.* v. *Schatz & Schatz, Ribicoff & Kotkin,* supra, 247 Conn.

---

[1] Because the trial court held that a CUTPA claim could not be based on a single incident, the trial court did not make a factual finding or conclusion as to whether the plaintiff satisfied the ascertainable loss requirement under CUTPA. In addition, the ascertainable loss issue was not raised or briefed by the parties. "On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980). "We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported." Id., 222. Therefore, I believe that it is inappropriate for this court to review this issue on appeal. Since the majority does address this issue, and I disagree that there is insufficient evidence, in this case, to find an ascertainable loss, I address this issue.

79. Therefore, the plaintiff must prove only that an ascertainable loss exists. See id. (holding that "plaintiff's failure adequately to prove damages . . . does not dispose of the CUTPA claim").

"A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Poulos* v. *Pfizer, Inc.*, 244 Conn. 598, 616, 711 A.2d 688 (1998). An examination of the record shows that the plaintiff proved that she rented an apartment from the defendant beginning in June, 1983. The apartment consisted of a bathroom, living room, kitchen and small bedroom on the second floor, and a master bedroom, bathroom and two small bedrooms on the third floor. On February 24, 1991, the plaintiff returned to her apartment to find that the defendant had entered her apartment and had moved the furniture from the third floor to the second floor. In addition, the defendant moved a door in the stairway leading from the second floor to the third floor, which prevented the plaintiff from accessing the third floor of her apartment.[2] That situation remained until April 13, 1991, when the trial court ordered the defendant to

---

[2] The transcript from the April 29, 1994 hearing reveals the following testimony by the plaintiff on direct examination:

"Q. [W]hen you came home that evening and found this situation, could you have gone up to the third floor?

\* \* \*

"A. No, I would not have been able to enter because the doorway had been changed.

"Q. And . . . how had it been changed?

\* \* \*

"A. Because the door had been removed from the north side of the stairs to the south side.

\* \* \*

"Q. Okay, and let me ask you, did you give him permission to do this?

"A. I did not."

move the furniture back. The defendant admitted that he moved the door to deny the plaintiff access to the third floor of her apartment.[3] I believe that this evidence is sufficient to show that the plaintiff had an ascertainable loss of her leasehold.

Since I believe the trial court improperly found that the defendant was not liable under CUTPA, I would remand the case to the trial court for a hearing on damages under CUTPA.

---

[3] The transcript from the April 29, 1994 hearing reveals the following testimony by the defendant on cross-examination:

"Q. Ms. Reader has testified that she came home on February 24, 1991, and found numerous articles of furniture and clothing from the third floor moved to the second floor, did you do that?

"A. Yes, I did.

"Q. And she also testified that a door was moved, did you do that?

"A. Yes, I did."