[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
I. Factual and Procedural Background
The plaintiff brings this action seeking compensatory and punitive damages, attorney's fees and costs for the alleged wrongful conduct of the defendant. The complaint, dated September 15, 1998, alleges the following relevant facts. The plaintiff, CT Page 6288 Robert Webster, d/b/a RB Webster Live Poultry, is primarily engaged in the poultry business in Lebanon, Connecticut. The defendant, Kofkoff Egg Farm, LLC, is engaged primarily in the business of egg farming in Bozrah, Connecticut.
In a one-count complaint, the plaintiff alleges the following claims: (1) that the defendant issued a written directive to its employees, to have no contact with the plaintiff or any of his employees; (2) that the defendant prohibited its employees from doing business with any store or restaurant patronized by the plaintiff or any of his employees; (3) that the defendant thereafter hired away from the plaintiff virtually all of his employees; (4) that the plaintiff has suffered ascertainable economic loss; (5) that the defendant was engaged in trade or commerce in the State of Connecticut within the meaning of Section 42-110a of the Connecticut General Statutes; and (6) that the defendant engaged in unfair and deceptive acts and practices in trade and commerce within the meaning of Section 42-110b of the Connecticut General Statutes.
On December 2, 1998, the defendant filed its motion for summary judgment, memorandum of law in support of the motion and affidavit in support of the motion directed at the complaint. In that motion and in supporting documents, the defendant claims the following: (1) that on April 17, 1998, the New England Poultry Association (NEPA) issued a Poultry Health Alert to its members stating that the USDA-APHIS had tested a major poultry hauler serving New England, H7-N2 environmentally positive for Avian Influenza. The alert did not identify the hauler but stated that the firm has had problems in the past; (2) that on April 17, 1998, a follow-up alert was issued to NEPA members, which also did not identify the hauler, but provided more information concerning the location of the hauler's operations; (3) that on April 22, 1998, the defendant issued a memo to all employees, notifying them of a serious outbreak of poultry disease not far from the defendant's egg farm. The defendant's memo further noted that some of the people involved had been seen at Main's County Store and the Exit 23 Restaurant. The memo stated the following: "it is very important that we do everything possible to protect the health of our chickens, and not have contact with these people." The defendant then ordered its employees not to go to the store, restaurant or use the phone booth, before, during or after work; (4) that on May 14, 1998, the defendant issued another memo to its employees, lifting the ban against going to Main's Store and Exit 23 Restaurant and stating that employees CT Page 6289 should not park in the area directly across from the store but use the parking lot; an (5) that on December 2, 1998, the defendant submitted to the court an affidavit stating no other memoranda were issued by the defendant and the defendant is not aware of hiring any of the plaintiff's employees.
On December 14, 1998, the plaintiff filed a memorandum in opposition to the motion with no supporting affidavit. On December 22, 1998, the defendant filed a reply brief in response. On February 8, 1999, this court heard oral argument.
II. Discussion
A. Summary Judgment
"Summary judgment shall be issued forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . ." Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554, 707 A.2d 15 (1998).
B. Connecticut Unfair Trade Practices Act "CUTPA"
CUTPA, as defined in General Statutes § 42-110b[1] was designed to protect the public from unfair practices, and whether a practice, and whether a practice is unfair depends upon the finding of a violation of an identifiable public policy. Therefore, "[A] party seeking to recover damages under CUTPA must meet two threshold requirements. First, he [or she] must establish that the conduct at issue constitutes an unfair or deceptive trade practice. . . . Second, he must present evidence providing the court with a basis for a reasonable estimate of the damages suffered. Reader v. Cassarino, 51 Conn. App. 292, 299,721 A.2d 911, 915.
The court has traditionally applied the three-factor "cigarette rule"[2] to answer the question of whether the CT Page 6290 plaintiff has sufficiently pleaded enough facts to satisfy CUTPA. This inquiry includes: were the actions of the defendant significant enough to offend public policy or some established concept of fairness; were the defendant's actions immoral, unethical, oppressive or unscrupulous; or were the defendant's actions such to cause the plaintiff to suffer substantial injury.
In addition, the plaintiff must also establish that the loss suffered is a direct result of the unfair or deceptive trade practice and the loss is ascertainable by the court. CUTPA is limited to "[a]ny person who suffers any ascertainable loss of maney or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section42-110b . . ." General Statutes § 42-110g(a).
There is only one count in plaintiff's complaint which sounds in CUTPA. The defendant moves for summary judgment claiming that there is no genuine issue as to any material fact. The defendant argues that the plaintiff has not met the burden of demonstrating that the plaintiff has suffered an "ascertainable loss." The defendant claims that it is entitled to judgment as a matter of law because the defendant's actions, as alleged, do not constitute a violation of the three factors test of the "cigarette rule," which must be satisfied before the defendant is found to violate the Connecticut Unfair Trade Practices Act.
The plaintiff argues that the defendant, in ordering its employees not to patronize an establishment frequented by the plaintiff's employees, is in itself an unfair trade practice as the defendant identified the plaintiff in violation of federal law. Additionally, the plaintiff argues that the alleged hiring by the defendant of virtually all of plaintiff's employees is collateral to the central issue of an unfair trade practice and meets the burden of demonstrating and ascertainable loss. The court disagrees.
The plaintiff has failed to make any allegations relative to a proprietary or pecuniary in the establishments which were boycotted. It is, therefore, difficult to conclude that a loss was suffered as a result of the boycott. The plaintiff also fails to allege any loss to his reputation or loss in his business dealings with third parties.
As stated above, the must suffer an ascertainable loss to bring a CUTPA action. CT Page 6291
 Section 42-110g (a) affords a cause of action to [a]ny person who suffers any ascertainable loss of money or property . . . as a result of the use or employment of a method, act, or practice prohibited by section 42-110b. . . ." (Internal quotation marks omitted.) Service Road Co. v. Ouinn, 241 Conn. 638.
 "The ascertaiable loss requirement is a threshold barrier which limits the class of persons who may bring a CUTPA action seeking actual damages or equitable relief. Hinchcliffe v. American Motors Corp., 184 Conn. 607, 615, 440 A.2d 810 (1981). An ascertainable loss is a deprivation, detriment [or] injury that is capable of being discovered, observed or established." (Internal quotation marks omitted.) Id., 613. "[A] loss is ascertainable it is measurable even through the precise amount of the loss is not known . . . Under CUTPA there is no need to allege or prove the amount of the ascertainable loss. Id., 614.
The plaintiff does allege, however, a loss of employees to the defendant. However, hiring the employees of a business competitor is not in itself a CUTPA violation absent allegations of wrongdoing on the part of the individual doing the hiring. Here, the plaintiff has only alleged that the defendant ordered his employees to have no contact with the plaintiff's employees and instituted a boycott of the establishments frequented by the plaintiff's employees.
The issue becomes whether the loss of employees resulted from the CUTPA violation complained of, i.e., the boycott. The plaintiff has failed to set out a sufficient nexus between these two events. "A cause of action under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile Mills. Inc. v. Brown,Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786,797, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296
(1993). The plaintiff has failed to show how the boycott of two separate and distinct entities resulted in the loss of his employment.
Further, the plaintiff does not allege any conduct on the part of the defendant which would encourage the departure of the plaintiff's employees, other than to instruct his own employees to avoid contact with the plaintiff's employees. This is CT Page 6292 insufficient to allege that the loss complained of resulted from the CUTPA violation alleged.
The court admits that neither party has satisfactorily proved or disproved whether any employees were lost. Technically, this remains a genuine issue of fact. Nonetheless, the court can not conclude that the loss complained of relates back to the defendant's conduct.
Accordingly, the motion for summary judgment is granted.
Mihalakos, J.