[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The plaintiff, Yale Psychiatric Institute, has filed a single count complaint against the defendant, Michele Satta. According to the complaint, the plaintiff, from March 3, 1997 through April 3, 1997, provided medical services to the defendant's minor daughter. The plaintiff further alleges that the defendant executed an agreement in which she agreed to repay the charges for medical services as well as costs which the plaintiff may incur in collecting the debt if the defendant failed to make the agreed upon monthly payments.
Before the court is the plaintiff's motion for summary judgment and a weekly order of payments. According to the plaintiff, there are no genuine issues of material fact as to the liability of the defendant. In support of its motion for summary judgment, the plaintiffs offers the affidavit of Michael Fabro, the business manager for the Yale Psychiatric Institute which attests to the balance remaining on the amount owed by the defendant. The plaintiff also offers the credit agreement signed by the defendant. CT Page 6917
The defendant objects to the motion for summary judgment and argues that there are genuine issues of material fact which preclude the granting of summary judgment. Specifically, the defendant notes that she has filed special defenses alleging that the plaintiff has violated the Fair Debt Collection Practices Act as well as the Connecticut Unfair Trade Practices Act. According to the defendant, the filing of these special defenses and a disclosure of defense based on similar arguments creates questions of material fact that cannot be reached on the motion for summary judgment.
the court finds the defendant's arguments without merit and grants the plaintiff's motion for summary judgment.
The defendant has filed two special defenses. In the first the defendant alleges that the plaintiff violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. In the second, the defendant alleges that the credit agreement drafted by the plaintiff is in violation of both the FDCPA and the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.
Neither of the special defenses raise any genuine issues of naterial fact that would preclude the plaintiff from obtaining a summary judgment as a matter of law. The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or any business the principal purpose of which is to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "By definition . . . a creditor collecting its own debt is not a debt collector. The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors." (Internal quotation marks omitted.)Connecticut National Bank v. Carbonella, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 299477 (August 19, 1993, Leheny, J.). See also, Citibank v. Twerdahl, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145533 (March 18, 1996, Hickey, J.). Since the plaintiff in the present case is trying to collect its own debt, the FDCPA is inapplicable to the present situation. At least one Superior Court has expressed reservations over the use of FDCPA as a defense to an action on the underlying debt. See First FederalBank v. Craco, Superior Court, judicial district of New Haven at Meriden, Docket No. 249552 (April 2, 1996, Silbert, J.). The CT Page 6918 defendant's FDCPA special defense fails to raise any material questions of fact.
The defendant's special defense alleging that the credit agreement violated CUTPA also fails to raise any genuine issues of material fact that would preclude the granting of the plaintiff's motion for summary judgment. The plaintiff has presented uncontested evidence supporting the existence of the alleged debt and a credit agreement signed by the defendant. Thus, the plaintiff has met its burden of proof as to the liability of the defendant under the debt. See Rivera v. DoubleTransportation, Inc., 248 Conn. 21, 24, ___ A.2d ___ (1999) ("[t]he party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact")
The defendant's special defense simply states that the credit agreement drafted by the plaintiff is in violation of both FDCPA and CUTPA. Yet, having failed to present any evidence contradicting the underlying debt, the defendant's special defense cannot, as a matter of law, act as a bar to summary judgment as to the existence of the debt. Aside from a brief reference to CUTPA, the defendant fails to set forth any of the necessary elements of a CUTPA claim and fails to allege facts about how or why the credit agreement constituted an unfair trade practices act. Moreover, without any genuine issues of material fact concerning the underlying debt, the defendant would not be able to meet one of the threshold requirements for recovery under CUTPA, namely, evidence of an ascertainable loss as required by § 42-110g. See Reader v. Cassarino, 51 Conn. App. 292,298-99, 721 A.2d 911 (1998).[1] Thus, the defendant's special defense fails to raise any genuine issues of material fact that would preclude the plaintiff from being granted summary judgment as a matter of law.
Summary judgment is entered for the plaintiff against the defendant in the amount of $2524.00 plus $378.60 attorney's fees, $435.39 statutory interest for a total judgment of $3337.99 payable $25.00 weekly commencing July 9, 1999.
Flynn, J. CT Page 6919