[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Mary Burney, filed a ten count second amended revised complaint against the defendants, Downer Funeral Home, Inc., Yvette F. Hampton, and Maple Grove Memorial Park, Inc., for injuries sustained as a result of the defendants' handling of the funeral and burial of the plaintiff's mother. For purposes of this memorandum, the Downer Funeral Home and Hampton will collectively be referred to as the defendants.
In her second amended revised complaint, the plaintiff alleges the following facts. The Downer Funeral Home is a Connecticut corporation in the business of providing funeral services, including performing funerals CT Page 10886 and burials. Hampton is the funeral director, manager secretary and treasurer of the Downer Funeral Home. On November 7, 1997, the plaintiff met with Hampton to contract for funeral and burial services for her mother. Upon Hampton's recommendation, the plaintiff purchased a burial plot at the Maple Grove Memorial Park, Inc. (the cemetery). The Downer Funeral Home agreed to provide a service at the funeral home and to bury the decedent. On November 8, 1997, the plaintiff's mother, Mary E. Cobb, died. On that same date, the plaintiff made a partial payment in cash to the Downer Funeral Home for all the services the Downer Funeral home was to provide in connection with her mother's funeral and burial. The funeral service was held on November 15, 1997. After the service, the Downer Funeral Home transported the coffin to the cemetery, accompanied by approximately one hundred mourners. Upon arrival at the cemetery, the plaintiff discovered that the gates to the cemetery were closed. The hearse driver, George Downer, Jr., was unable to contact Hampton and upon inquiring at the cemetery, informed the plaintiff that no grave had been dug and that he would transport the coffin back to the funeral home. The plaintiff spoke to Hampton that evening and was informed that the burial was rescheduled for November 17, 1997.
On the afternoon of November 17, 1997, the plaintiff discovered that the hearse containing her mother's coffin was waiting in front of her home. Only the plaintiff, her father, and two cousins attended the rescheduled burial because the other mourners were unable to attend. Before placing the coffin in the grave, the hearse driver opened the coffin in front of the plaintiff apparently to ascertain which end contained the upper portion of her mother's body.
In her second amended revised complaint, the plaintiff alleges the following causes of action against the Downer Funeral Home and Hampton: first count, common law negligence; third count, wilful, wanton, and reckless misconduct; fifth count, breach of contract; sixth count, negligent infliction of emotional distress; seventh count, intentional infliction of emotional distress; eighth count, breach of the implied covenant of good faith and fair dealing; ninth count, fraudulent misrepresentation and failure to disclose material facts; and tenth count, violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA).[1] The plaintiff claims that as a result of the acts and/or omissions of Hampton, the Downer Funeral Home and its employees, agents and representatives, she has suffered severe emotional and mental distress; loss of sleep and appetite; physical pain, suffering, and anguish; embarrassment; psychological trauma; depression; and an inability to carry on life's activities. Accordingly, she seeks damages, punitive damages and attorneys fees. CT Page 10887
The defendants filed a motion to strike (#121), dated September 25, 2000, in which they allege that the third and seventh counts are legally insufficient because the defendants' conduct does not rise to the level of wanton or wilful, and/or extreme and outrageous, and the tenth count is legally insufficient because the plaintiff fails to allege an ascertainable loss of money or property in her CUTPA claim.[2] In addition, the defendants move to strike the plaintiff's prayers for relief that correspond to the third, seventh and tenth counts. In her objection to the motion to strike, the plaintiff contends that a jury should determine whether she has stated a cause of action for recklessness because it is a question of fact; that, in the alternative, she has alleged facts sufficient. to support a cause of action for recklessness; and that she has alleged an ascertainable loss in relation to her CUTPA cause of action.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, the court must "take the facts to be those alleged in the complaint . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." Gazo v. City of Stamford, 255 Conn. 245, 260, 765 A.2d 505
(2001). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citations omitted; internal quotation marks omitted.) Id. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori,236 Conn. 820, 826, 676 A.2d 357 (1996).
Third Count — Wilful, Wanton and Reckless Misconduct
In the third count of the second amended revised complaint, the plaintiff alleges a cause of action for wilful, wanton and reckless misconduct against the Downer Funeral Home and Hampton. The defendants contend that this count should be stricken on the ground that it is legally insufficient because the plaintiff failed to plead facts sufficient to support wilful, wanton and/or reckless misconduct. "[i]n practice the [terms wilful, wanton, or reckless] have been treated as meaning the same thing. The result is that [wilful], wanton, or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a CT Page 10888 high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . . W. Prosser W. Keeton, Torts 5th Ed.) 34, p. 214." (Internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711 (1988).
"Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with the knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Bishop v. Kelly,206 Conn. 608, 614, 539 A.2d 108 (1988). "The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." Dubay v. Irish, supra, 207 Conn. 532. "Furthermore, a party may not merely reallege allegations contained in a claim of negligence, but rather must allege additional facts that demonstrate that the defendant's conduct was reckless."
In Perkins v. Colonial Cemeteries, Inc., Superior Court, judicial district of Stamford — Norwalk at Stamford, Docket No. 144646 (Lewis, J.), the plaintiff sued the cemetery that mishandled the burial of her daughter. The defendant filed a motion to strike the count alleging wilful, wanton, and reckless misconduct on the ground that it was legally insufficient. The motion was granted because the plaintiff had repleaded the paragraphs of her negligence count without alleging additional facts to support reckless misconduct.
In the present case, the plaintiff realleges and incorporates paragraphs 1-17 of the first count into the third count. The plaintiff then adds the following, "The aforesaid conduct of the defendants, Downer and Hampton was done intentionally and with a malicious motive to harm the plaintiff and/or was done in wilful, wanton and/or reckless disregard and violation of the duties of care that the defendants owed to the plaintiff, and of the probable injurious consequences of such conduct." The plaintiff, however, does not allege any facts, either in paragraphs1-17 of the first count or in this count, the third count, demonstrating that the defendants engaged in reckless misconduct. Accordingly, the motion to strike is granted as to the third count for wilful, wanton and reckless misconduct on the ground that it is legally insufficient.
Seventh Count — Intentional Infliction of Emotional Distress
CT Page 10889
In the seventh count of her second amended revised complaint, the plaintiff alleges a cause for action of intentional infliction of emotional distress against the Downer Funeral Home and Hampton. In order to establish a cause of action for intentional infliction of emotional distress, a plaintiff must show: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.)Appleton v. Board of Education of Stonington, 254 Conn. 205, 210,757 A.2d 1059 (2000). "All four elements must be pleaded in order to survive a motion to strike." Wargat v. New London Motors, Inc., Superior Court, judicial district of New London at New London, Docket No. 528715 (August 30, 1994, Hurley, J.).
The defendants contend that this count should be stricken on the ground that it is legally insufficient because the plaintiff failed to plead facts sufficient to support extreme and outrageous conduct. "Extreme and outrageous conduct is an essential element in the tort of intentional infliction of emotional distress." Brown v. Ellis, 40 Conn. Sup. 165,167, 484 A.2d 944 (1984). As to the second element, "[l]iablity has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Internal quotation marks omitted.) Appleton v. Board ofEducation of Stonington, supra, 254 Conn. 210-11. "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." Id., 211.
In the present case, the plaintiff realleges and incorporates paragraphs 1-17 of the first count into the seventh count. In addition the plaintiff alleges the following: "The aforesaid actions and conduct of the defendants, Downer and Hampton which were extreme and outrageous and committed with malicious intent and/or wilful, wanton and reckless indifference to the plaintiff's rights, was intended to inflict, and did in fact inflict, severe emotional distress upon the plaintiff and/or recklessly caused her to suffer severe emotional distress, and the defendants knew or should have known, that severe emotional distress to the plaintiff was the likely result of their action or conduct." The plaintiff, however, does not allege facts that demonstrate how or why the defendants' conduct was extreme and outrageous. Accordingly, the motion to strike is granted as to the seventh count for intentional infliction of emotional distress on the ground that it is legally insufficient. CT Page 10890
Tenth Count — CUTPA
In the tenth count of her complaint, the plaintiff alleges that the Downer Funeral Home and Hampton violated CUTPA, which provides in pertinent part, "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "[I]n determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]. . . . All three criteria do not need to be satisfied to support a finding of unfairness." (Internal quotation marks omitted.) Thames River Recycling, Inc. v. Gallo, 50 Conn. App. 767,785-86, 720 A.2d 242 (1998).
The defendants contend that this count should be stricken on the ground that it is legally insufficient because the plaintiff failed to allege that she has suffered an "ascertainable loss of money or property." General Statutes § 42-110g (a) provides in pertinent part, "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages. . . ." "The ascertainable loss requirement is a-threshold barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief."Hinchliffe v. American Motors Corp., 184 Conn. 607, 615, 440 A.2d 810
(1981). "An ascertainable loss is a "deprivation, detriment [or] injury' that is "capable of being discovered, observed or established.' . . . [A] loss is ascertainable if it is measurable even though the precise amount of the loss is not known." (Citations omitted; internal quotation marks omitted.) Service Road Corp. v. Quinn, 241 Conn. 630, 638, 698 A.2d 258
(1997). "A party seeking to recover damages under CUTPA must . . . present evidence providing the court with a basis for a reasonable estimate of the damages suffered [but this] does not necessitate that the actual amount of ascertainable loss be proven." (Citations omitted; Internal quotation marks omitted.) Reader v. Cassarino, 51 Conn. App. 292,299, 721 A.2d 911 (1998). "While CUTPA damages need not be proven with absolute precision, the failure to present any evidence concerning the nature and extent of the injury sustained precludes recovery under the statute." Id., 300. CT Page 10891
A survey of case law reveals that there are no appellate decisions as to whether emotional distress or injury constitutes an ascertainable loss under CUTPA. The few Superior Court cases on this issue have determined that emotional distress or injury is not an "ascertainable loss" capable of compensation. Printed Circuits Unlimited, Inc. v. Sensor Switch,Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 288532 (October 23, 1996, Stevens, J.); Ross v. CompanyStore, Superior Court, judicial district of Stamford — Norwalk at Stamford, Docket No. 115710 (October 1, 1991, Ryan, J.); Murphy v.McNamara, 36 Conn. Sup. 183, 195-96, 416 A.2d 170 (1979). Accordingly, the motion to strike is granted as to the tenth count on the ground that it is legally insufficient.
Prayers for Relief
The defendants move to strike the prayers for relief of punitive damages, costs and attorneys fees associated with the third, seventh, and tenth counts. "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998). Because the motion to strike these counts has been granted, the prayers for relief may not be properly maintained, and therefore the motion to strike as to the corresponding prayers for relief is also granted.
In conclusion, the defendants' motion to strike the third, seventh, and tenth counts and their corresponding prayers for relief is granted.
So Ordered.
Dated at Stamford, Connecticut, this 13th day of August, 2001.
William B. Lewis, Judge T.R.